Dennett *v.* Hopkinson.

## Samuel G. Dennett *vs.* James Hopkinson.

Where the selectmen of a town locate a highway upon the earth, erecting monuments on each side thereof, and make a return of the road to the town, which is duly accepted ; and it appears afterwards, that there is a variance between the location by monuments and the return ; *the return must govern.*

The action was *trespass quare clausum,* for taking away the fence of the plaintiff, in *Buxton.* The defendant, as surveyor of highways, justified the removal, because the fence was upon the public highway.

The selectmen of *Buxton* went upon the ground, and laid out a road, and made this report thereof to the town. " Laid out for the use of the town of *Buxton,* a town way, as follows, viz. — beginning at the northerly side line of the 700 acres granted to *Hill* and others, in the centre of the range road, between the ranges A and B, first division of land in *Buxton ;* thence running in the middle of said road north-west until it meets the road which runs between lots No. 8 and 9, on the letter B. Said road to be four rods wide, one half of which lies on each side of said course." This return was duly accepted by the town. The defendant proved by the selectmen, and surveyor employed by them, that when they laid out the road, they went to a place believed by them, and acknowledged by the plaintiff, who was present with them, to be the centre of the rangeway, at one end thereof, and from thence ran north-west by the surveyor's compass at that time, to the other end of the road, and measured off two rods on each side of that line, and drove down stakes at the time on lines parallel with the centre line thus ascertained, and at two rods distance from it, as the road, making the road four rods wide. The plaintiff knew where the stakes were driven. The fence removed was within the limits thus staked

out, as a road. There was much evidence on the one side and on the other, as to where the old rangeway actually was.

The counsel for the defendant contended, that the defence was made good, if they proved to the satisfaction of the jury, that the fence removed by him, as surveyor of highways, was upon the road, as actually surveyed and staked out by the selectmen.

The counsel for the plaintiff contended, that the town road was in the centre of the rangeway, wherever the rangeway was in fact.

*Emery J.,* presiding at the trial, instructed the jury, that it was a question of evidence for them to settle, where the centre of the range road between the ranges A and B, first division of land in *Buxton,* was, and whether the location by the selectmen of the four rods road, agreeably to their return, was in the centre of the range road. If the location was right, according to that return, recorded in the town records, the defendant is not liable. If otherwise, and the jury were satisfied, that the plaintiff was injured by tearing away the fence, when the surveyor had not a right to do what he did; they would find such damages, as they believed to be right from the evidence.

The verdict was for the plaintiff, and was to be set aside, if the instruction was wrong.

*D. Goodenow* and *J. Shepley,* for the defendant, supported the position taken at the trial. They said, that if the transactions had been precisely the same, and the return of the selectmen had been inserted, as the description in a deed, the law was perfectly well settled, that the parties to the deed must have been governed by the actual location and bounds made at the time; and they urged, that the same rules should be adhered to in the case of roads. *Esmond* v. *Tarbox,* 7 *Greenl.* 61 ; *Ripley* v. *Berry,* 5 *Greenl.* 24 ; *Pike* v. *Dyke,* 2 *Greenl.* 213 ; *Brown* v. *Gay,* 3 *Greenl.* 126 ; *Loring* v. *Norton,* 8 *Greenl.* 65. They said too, that the words of the return, " the road to be four rods wide, one half of which lies on each side of *said course,*" shew, that the selectmen intended, that the course, as then run by them, should govern, and that it should not be perpetually varying, as the old rangeway might be found in one place, or in another.

*Fairfield,* for the plaintiff, also supported the position taken for the plaintiff at the trial, and insisted, that it was wholly immaterial

what the selectmen did; and that the return of the road accepted by the town alone must govern. In case of a road, if a return and a location differ, the return must govern. The rangeway is to be considered as a monument referred to in the return, and there is no greater difficulty in ascertaining, where that is, than in finding many other boundaries. He cited *Todd* v. *Rome,* 2 *Greenl.* 61 ; *Commonwealth* v. *Low,* 3 *Pick.* 408 ; *Howard* v. *Hutchinson,* 1 *Fairf.* 335, and *Flagg* v. *Thurston,* 13 *Pick.* 150.

The opinion of the Court, after a continuance, was drawn up by

WESTON C. J. — The rangeway had been anciently located, of which competent proof was adduced to the satisfaction of the jury. The side lines became, therefore, fixed and established monuments, which could not be changed or diverted, by any subsequent erroneous running. It would have presented a different question, if the original location had not conformed to the plan, upon which it was delineated.

To constitute a town way, it must appear, that the proceedings were in conformity with law. It must be laid out by the selectmen, and accepted by the town. Both are indispensable. If the selectmen laid out the way, under which the defendant claims to be protected, the town have not accepted it. They have accepted a road, upon the return of the selectmen, the centre of which is the centre of the rangeway. To allow a way, which diverges from this line, to have been legally established, would be to give effect to an error, which has never received the sanction of the town. In the judgment of the Court, upon the facts found, the defendant has failed in his justification.

*Judgment on the verdict.*